IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| A. B., ) | CASE NO. 8:08CV426 |
| Plaintiff, ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| MILLARD PUBLIC SCHOOL DISTRICT, ) | |
| A Nebraska Political Subdivision, ) | |
| Defendant. ) | |

This matter is before the Court on the Defendant's Motion for Partial Summary Judgment (Filing No. 26) and Motion to File an Amended Answer (Filing No. 40). The Defendant, Millard Public School District ("MPSD"), moves for summary judgment on the Plaintiff's pendent state law claim in which Plaintiff contends that MPSD was negligent in supervising and retaining a teacher who allegedly sexually assaulted the Plaintiff. MPSD asserts that its actions or inactions were discretionary functions, and cannot form the basis of a cause of action under the Nebraska Political Subdivisions Tort Claims Act. MPSD also moves to File an Amended Answer to assert certain affirmative defenses relevant to the state law claim. For the reasons stated below, the Motion to File an Amended Answer will be granted and the Motion for Partial Summary Judgment will be denied.

## FACTS

The Plaintiff, A.B., alleges that a teacher employed by MPSD, sexually assaulted him in 2002 when he was a student. A.B. contends that the assault occurred after other students complained about the teacher's conduct and MPSD took no meaningful action. Specifically, A.B. asserts that MPSD failed to investigate such complaints, failed to

terminate or closely supervise the teacher, and failed to warn parents of the teacher's inappropriate behavior.  (Complaint, Filing No. 1).

The only evidence before the Court at this time is an affidavit of Kirby Eltiste, MPSD Associate Superintendent for Human Resources.  (Filing No. 27-2).  In the affidavit, Eltiste states that he has investigated complaints and imposed appropriate sanctions.  (*Id.*, ¶ 4).  He has trained other administrators to investigate complaints and impose appropriate sanctions.  (*Id.*, ¶ 5).  He and other MPSD administrators rely on their professional judgment, training, and skill when deciding whether any investigation is warranted, when conducting any investigation, when taking steps after the completion of any investigation, when deciding whether to retain employees, and when deciding what supervision to afford staff members.  (*Id.*, ¶¶ 6-10).

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Cordry v. Vanderbilt Mortgage & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)).  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id*. at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327, citing Fed. R. Civ. P. 1.

**DISCUSSION**

MPSD argues that school districts' decisions with respect to the hiring, supervising, investigating, firing or retaining of employees are discretionary functions that cannot give rise to liability under the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 *et seq*. ("NPSTCA").  MPSD relies on *Larson v. Miller*, 76 F.3d 1446 (8th Cir. 1996).  In *Larson*, a student sued a Nebraska school district with claims similar to those raised in this action, including a pendent state court claim brought under the NPSTCA.  The district court concluded that the claim was barred by the NPSTCA's discretionary function exception.  The Eighth Circuit Court affirmed, concluding that "decisions to 'investigate,

3

hire, fire, and retain' employees are generally discretionary. Thus, these decisions fall within the discretionary function exception and cannot be the basis for liability on the part of the school district." *Id.* at 1457.

A.B. argues that the discretionary function defense is an affirmative defense that must be pled or is waived, and that MPSD has waived it. A.B. further argues that Nebraska Supreme Court decisions issued after *Larson* demonstrate that the discretionary function exception does not bar A.B.'s claim under the NPSTCA.

*Failure to Plead an Affirmative Defense*

Neb. Rev. Stat. § 13-910 provides that the NPSTCA "shall not apply to: . . . (2) Any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of the political subdivision or an employee of the political subdivision, whether or not the discretion is abused." The Nebraska Supreme Court has held that "[t]he exceptions set forth in § 13-910 are affirmative sovereign immunity defenses to claims brought pursuant to the PSTCA." *Doe v. Omaha Public School Dist.*, 727 N.W.2d 447, 454 (Neb. 2007), citing *Harris v. Omaha Housing Auth.*, 698 N.W.2d 58 (Neb. 2005). Under Fed. R. Civ. P. 8(c), a party responding to a pleading "must affirmatively state any avoidance or affirmative defense."

"Generally, failure to plead an affirmative defense results in a waiver of that defense." *First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 622 (8th Cir. 2007), citing Fed. R. Civ. P. 8(c). However, "when an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal." *Id.* Fed. R. Civ. P. 8(e) provides that "Pleadings must be construed so as to do justice." While MPSD did not raise the affirmative defense of

discretionary function in its Answer (Filing No. 6), nowhere in A.B.'s Complaint did he refer to the NPSTCA so as to place MPSD on fair notice of the statutory basis underlying his negligence claim. The Court concludes that A.B. has suffered no unfair surprise as a result of MPSD's assertion of the affirmative defense of discretionary function at this relatively early stage of the proceedings. Accordingly, MPSD will be allowed to file its Amended Answer, raising affirmative defenses to the pendent state law claim brought by A.B. through the NPSTCA.

*Application of Discretionary Function Exception*

The Nebraska Supreme Court has recognized that schools owe a duty to their students to take reasonable steps to protect them from foreseeable assaults. *Doe v. Omaha Public School Dist.*, 727 N.W.2d at 454. In *Doe*, the plaintiff alleged that the school district had actual knowledge that the perpetrator had a history of physical and/or sexual misconduct toward other students prior to the date of the alleged assault and took no steps to restrict or restrain him. *Id.* The Nebraska Supreme Court concluded that the allegations stated a claim for relief under the NPSTCA. *Id.* In addressing the school district's discretionary function defense, the Nebraska Supreme Court began by describing the purpose of discretionary function immunity:

> The purpose of the discretionary function exception is to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort. The discretionary function exception extends only to basic policy decisions. The exception does not extend to the exercise fo discretionary acts at an operational level. . . . Examples of discretionary functions include the initiation of programs and activities, establishment of plans and schedules, and judgmental decisions within a broad regulatory framework lacking specific standards. The exception, properly construed, therefore protects only governmental actions and decisions based on considerations of public policy.

> The political subdivision remains liable for negligence of its employees at the operational level, where there is no room for policy judgment.

*Id.*, p. 456-57, internal citations omitted.  Next, the Nebraska Supreme Court explained the two-step analysis in which a court must engage to determine if the discretionary function exception applies:

> First, the court must consider whether the action is a matter of choice for the acting employee.  If the court concludes that the challenged conduct involves an element of judgment, it must then determine whether that judgment is of the kind that the discretionary function exception was designed to shield.

*Id.* at 457.  Finally, the Nebraska Supreme Court recognized that it may be impossible to perform this analysis without a factual record:

> When the facts are undisputed, the determination of whether the discretionary function exception applies is a question of law.  By the same token, however, it is often difficult to undertake such an analysis without a complete factual record.

*Id.* at 457, internal citations omitted.   The Nebraska Supreme Court remanded the case to the district court for development of the necessary factual record.  *Id.* at 458.

In this case, the factual record before the Court is not sufficient to permit the analysis necessary for this Court to determine whether the discretionary function defense applies.  Accordingly, MPSD's Motion for Partial Summary Judgment will be denied.

## CONCLUSION

The Defendant, Millard Public School District, will be permitted to file its Amended Answer to assert affirmative defenses to the Plaintiff's pendent state-law claim brought through the Nebraska Political Subdivisions Tort Claims Act, but its Motion for Partial

Summary Judgment will be denied due to the absence of an adequate factual record.

IT IS ORDERED:

1. The Defendant's Motion to File an Amended Answer to Plaintiff's Complaint (Filing No. 40) is granted;

2. The Defendant immediately will file, in a separate docket entry, the Amended Answer to Plaintiff's Complaint that now appears at Filing No. 40-2; and

3. The Defendant's Motion for Partial Summary Judgment (Filing No. 26) is denied.

DATED this 17th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge